UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ryan Hardy and Matthew O'Connor, )
  Plaintiffs )
)
v. ) Civil Action No. 1:20-CV-00216-SM
Granite State Insurance Company, )
  Defendant )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

NOW COME the plaintiffs, Ryan Hardy and Matthew O'Connor, by and through their attorneys, McDowell & Morrissette, P.A., and respectfully say as follows:

### Introduction

1. This First Amended Complaint is filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) as it is filed within 21 days after service of a Motion to Dismiss under Rule 12(b).

2. This action is filed under and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2001, *et seq.*, Federal Rule of Civil Procedure 57, and New Hampshire R.S.A. 491:22 seeking a declaratory judgment regarding the obligations of the defendant with respect to a certain commercial general liability insurance policy.

### Parties

3. The plaintiff, Ryan Hardy, is a resident of the State of New Hampshire who resides at 468 Seames Drive, City of Manchester, County of Hillsborough, and State of New Hampshire 03103. Ryan Hardy is a citizen of New Hampshire.

4. The plaintiff, Matthew O'Connor, is a resident of the State of New Hampshire who resides at 220 Twist Hill Road, Town of Dunbarton, County of Merrimack, and State of New Hampshire 03046. Matthew O'Connor is a citizen of New Hampshire.

5. The defendant, Granite State Insurance Company (hereinafter "Granite State"), is a foreign corporation organized under the laws of Illinois with its principal place of business being 175 Water Street, 18th Floor, City of New York, State of New York 10038. Granite State is therefore a citizen of Illinois and New York.

**Jurisdiction and Venue**

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within the district and defendant is subject to personal jurisdiction within the district.

**Facts**

8. Ryan Hardy is, and at all relevant times was, employed as a police officer for the City of Manchester, New Hampshire.

9. On or about May 13, 2016, Ryan Hardy, while in the course of his employment as a police officer, was shot and seriously injured by Ian MacPherson.

10. The weapon used to shoot Officer Hardy was purchased by MacPherson from Chester Arms, LLC ("Chester Arms") on or about April 1, 2016. Chester Arms is a federally licensed firearms dealer located in the Town of Derry, County of Rockingham and State of New Hampshire.

11. Officer Hardy brought suit against Chester Arms, and others, in an action filed in the Rockingham County Superior Court for the State of New Hampshire styled *Ryan Hardy v. John J. Barthelmes, Commissioner New Hampshire Department of Safety and Chester Arms, LLC*, Docket No. 218-2018-CV-828. The Complaint alleges, among other things, that Chester Arms is liable to Ryan Hardy for the injuries he sustained because Chester Arms negligently and in violation of certain state and federal laws sold and entrusted the weapon to Ian MacPherson who was unfit to purchase or possess the hand gun. The facts and allegations in the Complaint are incorporated herein by reference.

12. Matthew O'Connor is, and at all relevant times was, employed as a police officer for the City of Manchester, New Hampshire.

13. In a separate and distinct incident that occurred on or about May 13, 2016, Matthew O'Connor, while in the course of his employment as a police officer, was shot and seriously injured by Ian MacPherson.

14. The weapon used to shoot Officer O'Connor was purchased by MacPherson from Chester Arms on or about April 1, 2016. Chester Arms is a federally licensed firearms dealer located in the Town of Derry, County of Rockingham and State of New Hampshire.

15. Officer O'Connor brought suit against Chester Arms, and others, in an action filed in the Rockingham County Superior Court for the State of New Hampshire styled *Matthew O'Connor v. John J. Barthelmes, Commissioner New Hampshire Department of Safety and Chester Arms, LLC*, Docket No. 218-2018-CV-829. The Complaint alleges, among other things, that Chester Arms is liable to Matthew O'Connor for the injuries he sustained because Chester Arms negligently and in violation of certain state and federal laws sold and entrusted the weapon

to Ian MacPherson who was unfit to purchase or possess the hand gun. The facts and allegations in the Complaint are incorporated herein by reference.

16. At all relevant times, Granite State insured Chester Arms under a commercial general liability insurance policy, policy number 02-LX-086481868-3-0000.

17. The insurance policy, by its terms, provides Chester Arms with liability insurance coverage with limits in the amount of One Million Dollars ($1,000,000) for each occurrence and with an aggregate limit of Two Million Dollars ($2,000,000).

18. The insurance policy defines an "occurrence" as:

[A]n accident, including continuous or repeated exposure to substantially the same general harmful conditions.

19. Granite State has acknowledged that the subject insurance policy provides coverage for the claims brought by Ryan Hardy and Matthew O'Connor against Chester Arms and has been providing a defense for Chester Arms.

20. On or about November 21, 2019, Granite State, for the first time, advised the plaintiffs that the total amount of insurance available under the policy with respect to the claims of both plaintiffs is limited to One Million Dollars ($1,000,000) as Granite State maintains that the two separate and distinct incidents resulting in the shootings of Ryan Hardy and Matthew O'Connor constitute one occurrence.

21. The sum of One Million Dollars ($1,000,000) is insufficient to compensate Ryan Hardy and Mathew O'Connor for the injuries they sustained.

22. The parties in the underlying lawsuits (i.e. Hardy, O'Connor and Chester Arms) participated in a mediation on November 2019 in an effort to settle the claims asserted by Officers Hardy and O'Connor. The mediation was unsuccessful primarily because of the

uncertainty as to the amount of insurance coverage available under the Granite State insurance policy.

23. The insurance coverage issue in this case is limited in scope, does not require any significant discovery, and can likely be decided by the Court as a matter of law.

24. A judicial resolution of the insurance coverage issue will substantially assist the parties with respect to achieving a settlement of the underlying lawsuits.

## COUNT I
### (Declaratory Judgment Pursuant to Federal Declaratory Judgment Act)

25. The allegations contained in Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. A dispute exists between the parties with respect to their rights and obligations under the insurance policy at issue.

27. 28 U.S.C. §2201, *et seq*. and Federal Rule of Civil Procedure 57 vests this Court with the power and authority to resolve the insurance coverage dispute between the parties and make a determination as to the amount of insurance coverage Granite State is obligated to provide in connection with the underlying lawsuits against its insured, Chester Arms.

28. The insurance coverage dispute is ripe for adjudication.

29. The Granite State insurance policy obligates Granite State to provide One Million Dollars ($1,000,000) of liability insurance coverage to Chester Arms with respect to each occurrence that takes place during the policy period subject to an aggregate limit of Two Million Dollars ($2,000,000).

30. The policy defines an occurrence to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

31. The shooting of Ryan Hardy and Matthew O'Connor occurred at different times and at different locations and constitute separate and distinct occurrences under the Granite State insurance policy.

32. Granite State, in violation of the terms of the insurance policy, maintains that its obligation to provide insurance coverage to Chester Arms with respect to the two claims that have been brought against Chester Arms is limited to One Million Dollars ($1,000,000).

33. The plaintiffs believe, and therefore assert, that Granite State is obligated to provide One Million Dollars ($1,000,000) of liability insurance coverage to Chester Arms with respect to the claims asserted against it by Ryan Hardy and One Million Dollars ($1,000,000) of liability insurance coverage with respect to the claims asserted by Matthew O'Connor which is available to satisfy any judgment that either or both of them obtain against Chester Arms with respect to the separate and distinct incidents in which they were injured when shot by Ian MacPherson, subject to an aggregate limit of Two Million Dollars ($2,000,000).

## COUNT II
### (Declaratory Judgment Pursuant to N.H.R.S.A. 491:22)

34. The allegations contained in Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. A dispute exists between the parties with respect to their rights and obligations under the insurance policy at issue.

36. This Court has jurisdiction to resolve the insurance coverage issues pursuant to RSA 491:22 as this case originated in the Hillsborough County, Northern Division, Superior Court for the State of New Hampshire and was removed to this Court by the defendant pursuant to U.S.C. §§1332(a), 1441 and 1446.

37. The Granite State insurance policy obligates it to provide One Million Dollars ($1,000,000) of liability insurance coverage to Chester Arms with respect to each occurrence that takes place during the policy period subject to an aggregate limit of Two Million Dollars ($2,000,000).

38. The policy defines an occurrence to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

39. The shooting of Ryan Hardy and Matthew O'Connor occurred at different times and at different locations and constitute separate and distinct occurrences under the Granite State policy.

40. Granite State, in violation of the terms of the insurance policy, maintains that its obligation to provide insurance coverage to Chester Arms with respect to the two claims that have been brought against it is limited to One Million Dollars ($1,000,000).

41. The plaintiffs believe, and therefore assert, that Granite State is obligated to provide One Million Dollars ($1,000,000) of liability insurance coverage to Chester Arms with respect to the claims asserted against it by Ryan Hardy and One Million Dollars ($1,000,000) of liability insurance coverage with respect to the claims asserted by Matthew O'Connor which is available to satisfy any judgment that either or both of them obtain against Chester Arms with respect to the separate and distinct incidents in which they were injured when shot by Ian MacPherson, subject to an aggregate limit of Two Million Dollars ($2,000,000).

WHEREFORE, the plaintiffs respectfully request that this Honorable Court take jurisdiction of this matter, hold a hearing, and rule order and decree:

    A.    That Granite State Insurance Company is obligated to provide Chester Arms with liability insurance coverage in the amount of One Million Dollars ($1,000,000) per occurrence, subject to an aggregate of Two Millions Dollars ($2,000,000);

B.  That the two separate and distinct incidents in which Ryan Hardy and Matthew O'Connor were shot and injured constitute two separate occurrences with respect to the Granite State insurance policy;

C.  That Granite State Insurance Company is obligated to satisfy any judgment rendered against Chester Arms in favor of Ryan Hardy in the action presently pending in the Rockingham County Superior Court up to an amount of One Million Dollars ($1,000,000);

D.  That Granite State Insurance Company is obligated to satisfy any judgment rendered against Chester Arms in favor of Matthew O'Connor in the action presently pending in the Rockingham County Superior Court up to an amount of One Million Dollars ($1,000,000); and

E.  That this Honorable Court grant whatever other and further relief as may be just.

Respectfully submitted,

RYAN HARDY AND
MATTHEW O'CONNOR

By their attorneys,

MCDOWELL & MORRISSETTE, PA

Dated: March 5, 2020       By:  */s/ Gordon A. Rehnborg, Jr.*
                                Mark D. Morrissette (#10033)
                                Gordon A. Rehnborg, Jr. (#2123)
                                282 River Road
                                PO Box 3360
                                Manchester, NH  03105
                                603-623-9300
                                mmorrissette@mcdowell-morrissette.com
                                grehnborg@mcdowell-morrissette.com

## **CERTIFICATE OF SERVICE**

        I hereby certify that a true copy of the foregoing First Amended Complaint was served through the Court's electronic filing and service system to Tamara Smith, Esq.


Dated: March 5, 2020                         */s/ Gordon A. Rehnborg, Jr.*
                                                           Gordon A. Rehnborg, Jr.