UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| Ryan Hardy and Matthew O'Connor, | |
| Plaintiffs | |
| v. | CIVIL ACTION NO. 1:20-cv-00216 |
| Granite State Insurance Company, | |
| Defendant | |

**GRANITE STATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS RYAN HARDY AND MATTHEW O'CONNOR'S FIRST AMENDED COMPLAINT**

Defendant Granite State Insurance Company ("Granite State") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' First Amended Complaint on the bases that: (1) Plaintiffs lack standing to bring an insurance coverage action against Granite State; and (2) their claim for relief is not ripe for adjudication.

## I. INTRODUCTION

Plaintiffs filed their First Amended Complaint seeking a declaration of coverage under an insurance policy issued by Granite State to Chester Arms, LLC ("Chester Arms"). Plaintiffs are not insureds under the Granite State policy and do not have any other entitlement under the law to assert a claim for coverage under the policy to which they are strangers. Liability against Chester Arms has not been established such that Plaintiffs have no standing to pursue their claim under the Federal Declaratory Judgment Act. *See Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (standing requires that plaintiff must have suffered an injury in fact that is more than conjectural and hypothetical).

In addition, New Hampshire is not a "direct action" state, and non-insureds have no standing to bring a declaratory judgment action against the insurer of the alleged tortfeasor. *See*

*Benson v. New Hampshire Ins. Guar. Ass'n*, 151 N.H. 590, 593 (2004) (non-insured lacked standing under New Hampshire Declaratory Judgment Statute to bring action against insurer as a matter of law); *see O'Connor v. Certain Underwriters at Lloyd's of London*, No. 03-E-0064, 2005 WL 6310216, *1 (N.H. Super. Ct. Jan. 25, 2005) (injured party lacked standing under the New Hampshire Declaratory Judgment Statute and could not proceed directly against insurer). Plaintiffs undeniably lack the requisite standing under the Federal Declaratory Judgment Act and the New Hampshire Declaratory Judgment Statute to pursue a direct action against the insurer of a non-party that has yet to be adjudicated as liable for their injuries.

Moreover, the Plaintiffs' Amended Complaint is unripe for adjudication such that their case cannot proceed. Their Amended Complaint raises hypothetical questions because there has not been (and may never be) a finding of liability against the insured, non-party Chester Arms. Two actions are currently pending in state court against Chester Arms, brought by Plaintiffs O'Connor and Hardy respectively: *O'Connor v. John J. Barthelmes, Commissioner*, *New Hampshire Dept. of Safety, and Chester Arms, LLC,* Civil Action No. 218-2018-CV-00829 and *Hardy v. John J. Barthelmes, Commissioner*, *New Hampshire Dept. of Safety, and Chester Arms, LLC,* Civil Action No. 218-2018-CV-00828 (hereafter "Underlying Actions"). Because there is no verdict or judgment against Chester Arms, nor any final determination/quantification of the Plaintiffs' damages tied to Chester Arms' conduct (nor may there ever be), the Plaintiffs' action against Granite State impermissibly seeks an advisory opinion from this Court. *See Ernst & Young*, 45 F.3d. 530, 541 (1st Cir. 1995) (affirming dismissal of case under the Federal Declaratory Judgment Act where the causes of action were not yet ripe for judicial review).

For the reasons expressed more fully below, Granite State respectfully requests that its Motion to Dismiss be granted, dismissing the Plaintiffs' First Amended Complaint.

## II. BRIEF FACTUAL BACKGROUND

Plaintiffs' First Amended Complaint seeks a declaration as to the amount of coverage available to non-party Chester Arms for the claims asserted in the pending Underlying Actions under an insurance policy issued by Granite State. In the Underlying Actions, Plaintiffs allege that Chester Arms is liable to them for selling a firearm to an individual, Ian MacPherson, who shot them both on May 13, 2016. *See* First Amended Complaint, ¶9 and ¶13 (Exhibit A hereto). There has been no determination that Chester Arms (or its co-defendants, John J. Barthelmes, Commissioner and New Hampshire Dept. of Safety/Gun Line Division, for that matter) are liable for their injuries.

At the time of the gun sale, Granite State insured Chester Arms under Commercial General Liability Policy No. 02-LX-086481868-3/000, effective September 17, 2015 to September 17, 2016 (hereafter the "Policy"). *See* Exhibit A, ¶16. Granite State has acknowledged its obligation to defend Chester Arms in the Underlying Actions under the Policy and has since been providing a defense to Chester Arms. *See* Exhibit A, ¶19.

The Plaintiffs are not insureds under the Granite State Policy. They lack standing to bring this suit and, additionally, their claims are unripe, necessitating a dismissal of their First Amended Complaint.

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6) and New Hampshire law, the Court is permitted to dismiss a claim or complaint entirely when the plaintiffs "fail[] to state a claim upon which relief can be granted." *Hopper v. Standard Ins. Co.*, No. 06-cv-10-SM, 2007 WL 433369, *1 (D.N.H. 2007). "[T]he Court follows the established requirement that the material facts alleged in the

complaint are to be construed in the light most favorable to the plaintiff[s] and taken as admitted, with dismissal to be ordered only if the plaintiff[s are] not entitled to relief under any set of facts [they] could prove." *Shaheen v. Preferred Mut. Ins. Co.*, 668 F.Supp. 716, 717 (D.N.H. 1987). "In reviewing motions to dismiss, the Court's focus is limited to the allegations contained in the complaint itself." *Id*.

Courts are to "isolate and ignore statements in the complaint that simply offer legal labels and conclusions and accept as true all non-conclusory and non-speculative facts, drawing all reasonable inferences in the pleader's favor." *Milestone Engineering & Const., Inc. v. Fire Equipment, Inc.*, No. 13-cv-198-SM, 2013 WL 6533143, *1 (D.N.H. Dec. 13, 2013). Courts can only make a "limited inquiry, focusing not on whether [the] plaintiff[s] will ultimately prevail but whether the claimant[s are] entitled to offer evidence to support [their] claims." *Optical Alignment Systems and Inspection Services, Inc. v. Alignment Services of North America, Inc.*, 909 F.Supp. 58, 60 (D.N.H. 1995). "[T]he [C]ourt may grant a motion to dismiss under Rule 12(b)(6) only if it clearly appears, according to the facts alleged, that the plaintiff[s] cannot recover on any viable theory." *General Linen Service Co., Inc. v. Charter Oak Fire Ins. Co.*, 951 F.Supp. 15, 17 (D.N.H. 1995).

Here, Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted because: (1) Plaintiffs lack standing to bring claims directly against an alleged tortfeasor's insurer under the Federal Declaratory Judgment Act and the New Hampshire Declaratory Judgment Statute; and 2) their claim under both the Federal Declaratory Judgment Act and the New Hampshire Declaratory Judgment Statute is unripe, hypothetical, and premature.

## B. PLAINTIFFS' CLAIMS UNDER THE FEDERAL DECLARATORY JUDGMENT ACT AND THE NEW HAMPSHIRE DECLARATORY JUDGMENT STATUTE FAIL BECAUSE PLAINTIFFS HAVE NO STANDING TO BRING THOSE CLAIMS

### *a. The Plaintiffs Have No Standing Under The Federal Declaratory Judgment Act To Seek A Declaration As To Potentially Available Insurance Coverage*

Plaintiffs seek a declaration as to potentially available insurance coverage under the Federal Declaratory Judgment Act which provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "A case of actual controversy under the Act is the same as a case or controversy that is justiciable under Article III of the United State Constitution." *Deutsche Bank National Trust Co. v. Pike*, No. 15-cv-304-JD, 2015 WL 5970494, *3 (D.N.H. Oct. 13, 2015). "Rooted in Article III's case or controversy requirement, the constitutional core of standing requires a showing that a plaintiff (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant [Granite State here], and (3) that is likely to be redressed by a favorable decision." *New Hampshire Lottery Commission v. Barr*, 386 F.Supp.3d 132, 140 (D.N.H. 2019). The standing component requires that the Plaintiffs must "establish an injury in fact" and "the injury must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017).

Plaintiffs here are not insureds under the Policy issued by Granite State to Chester Arms, nor is there any other basis by which they are directly entitled to coverage under the Policy. Moreover, as expressed in greater detail below, Chester Arms has not been found to be legally liable to Plaintiffs for any injury in fact, nor have the Plaintiffs suffered any injury in fact that is

traceable to the conduct of Granite State, which is actively defending its insured, Chester Arms, in this action. The relief sought is conjectural and hypothetical, contrary to the case or controversy requirement of Article III.

In the absence of any insured status under the Policy or a finding of liability in the Underlying Actions, Plaintiffs do not have standing to bring this suit. Consequently, Plaintiffs' Federal Declaratory Judgment Act claim (Count I) fails as a matter of law and should be dismissed with prejudice.

### b. *The Plaintiffs Also Lack Standing Under The New Hampshire Declaratory Judgment Statute 491:22 To Obtain A Declaration Of Coverage*

The Plaintiffs also have no standing under the New Hampshire Declaratory Judgment Statute to seek a declaration of coverage against Granite State as they are not insureds under the Policy and they have no contractual relationship with Granite State whatsoever. The New Hampshire Declaratory Judgment Statute states:

> Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive.

N.H. Rev. Stat. § 491.22. "The remedy of declaratory judgment affords relief from uncertainty and insecurity created by a doubt as to rights, status or legal relations existing between the parties." *Benson*, 151 N.H. at 593 (nonparty to insurance contract lacked standing to bring action against insurer under the New Hampshire Declaratory Judgment Statute). "Although a declaratory judgment is a broad remedy that should be liberally construed, this remedy is not proper if the plaintiff lacks the requisite present legal or equitable right or title necessary for the case to proceed." *O'Connor*, No. 03-E-0064, 2005 WL 6310216 at *1.

In *O'Connor*, the Superior Court of New Hampshire addressed this precise issue, and held that an injured plaintiff had no standing to bring a declaratory judgment action against an insurance company because the plaintiff was not an insured under the subject insurance policy and thus lacked "present legal or equitable right or title" such that the case could not proceed. *See generally O'Connor*, supra. The same is true here. The Plaintiffs are not insureds, and impermissibly have brought this action seeking a determination as to Granite State's obligations to Chester Arms under the Policy to which they are strangers. Clearly, they lack the requisite standing to seek a declaration concerning whether and to what extent Granite State is obligated to provide coverage to Chester Arms. *See id.*; and *see also* Exhibit A generally. Further, in the absence of any determination that Chester Arms is actually liable to the Plaintiffs, they lack the requisite "present legal or equitable right or title" to maintain this suit under the New Hampshire Declaratory Judgment Statute.

Accordingly, the Plaintiffs' New Hampshire Declaratory Judgment Statute claim (Count II) fails as a matter of law and should be dismissed with prejudice.

### C. PLAINTIFFS' CLAIMS UNDER THE FEDERAL AND STATE DECLARATORY JUDGMENT ACTS FAIL BECAUSE THE CLAIMS ARE UNRIPE

Under either the federal or state statute, ripeness is required. The ripeness doctrine, like the standing doctrine, "has roots in both the Article III case or controversy requirement and in prudential considerations." *Reddy*, 845 F.3d at 500. "The ripeness doctrine serves 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]'" *Weinhold v. Phoenix Ins. Co.*, No. 18-cv-383-PB, 2018 WL 5085707, *4 (D.N.H. Oct. 18, 2018) (ripeness test satisfied in federal declaratory judgment action concerning insurance coverage where insured's liability was established and the damages amount determined).

7

Indeed, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Massachusetts Delivery Ass'n v. Coakley*, 769 F.3d 11, 16 (1st Cir. 2014). "In accordance with these principles, the plaintiffs must allege facts sufficient to show that the issues raised are (1) 'fit' for judicial review and (2) that they will suffer hardship if review is denied." *Weinhold,* No. 18-cv-383-PB, 2018 WL 5085707 at 3.

The first element of fitness "concerns whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." *Id*. (*quoting Ernst & Young*, 45 F.3d. at 536). "This analysis typically entails consideration of 'finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." *Weinhold*, No. 18-cv-383-PB, 2018 WL 5085707 at *3. The second element of hardship concerns "whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* "Generally, a mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 90 (1st Cir. 2013).

Here, the insurance question concerning the amount of coverage available for Chester Arms's *potential* liability to the Plaintiffs is not "fit" for judicial review, as that hypothetical inquiry concerns only a potential liability that has yet to be determined and may never come to pass. There is no verdict or judgment in the Underlying Actions and Chester Arms' liability has not been established (nor may it ever be). Ripeness is present only where an insured's liability has been established "with finality," which is far from the case here. *See, Weinhold*, No. 18-cv-383-PB, 2018 WL 5085707 at *4 (ripeness test satisfied where insured's liability was established

8

with finality such that coverage dispute was not contingent on undeveloped facts). With no liability or causation established in the Underlying Actions, it is entirely speculative as to whether the amount of coverage available to Chester Arms is even an issue that the Court may have to determine.

This case also fails the "hardship" element of the ripeness test. Granite State is defending its insured, Chester Arms, in the Underlying Actions. No hardship will come to Plaintiffs (or Chester Arms) if review of this claim is denied until Chester Arms' liability is established. Without a verdict or judgment against Chester Arms, neither the insured Chester Arms nor its insurer owe the Plaintiffs anything; and this case alleges no more than "a mere possibility of future injury." *See Roman Catholic Bishop of Springfield*, 724 F.3d at 90.

Thus, Plaintiffs' claims under the Federal Declaratory Judgment Act (Count I) and New Hampshire Declaratory Judgment Act (Count II) fail as a matter of law and should be dismissed with prejudice.

### III.     CONCLUSION

Granite State respectfully submits that its Motion to Dismiss be granted and Plaintiffs' First Amended Complaint (Counts I and II) be dismissed with prejudice.

The Defendant,
GRANITE STATE INSURANCE COMPANY
By its attorney,

*/s/ Tamara Smith Holtslag*
Tamara Smith Holtslag, Bar No. #20442
PEABODY & ARNOLD LLP
Federal Reserve Building
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951-2100

Dated: March 19, 2020                                   tsmith@peabodyarnold.com

# **CERTIFICATE OF SERVICE**

      I, Tamara Smith Holtslag, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed by First Class Mail to those indicated as non-registered participants on this 19th day of March, 2020.

      */s/ Tamara Smith Holtslag*
      Tamara Smith Holtslag

PABOS2:TSMITH:1728098_1
15951-205410